UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: RAINBOW MARINE                                CIVIL ACTION
CONTRACTORS, INC., ET AL.

                                                     NO. 09-4516

                                                     SECTION "R" (3)

REPORT AND RECOMMENDATION

Before the Court is the Motion for Clarification of the Scheduling Order [Doc. #41] filed by petitioners in limitation Rainbow Marine Contractors, Inc. and Gulf Oceanic Marine Contractors, Inc. (collectively, "petitioners"). On April 1, 2010, the District Court referred the motion to the undersigned. [Doc. #43]. The Court originally scheduled an oral hearing on the motion on April 14, 2010. Having reviewed the petitioners' memorandum and the case law, the Court finds oral argument unnecessary. The Court rules as follows.

In this limitation of liability action, petitioners ask the Court to clarify who is a "plaintiff" and who is a "defendant" for purposes of the District Court's Scheduling Order dated November 20, 2009. [Doc. #18]. Specifically, petitioners ask the Court to determine who is a plaintiff and who is a defendant for purposes of the deadlines to submit the parties' expert reports. The District Court refers to plaintiffs and defendants in the Scheduling Order, not to petitioners and claimants. Plaintiffs' expert reports are due on April 16, 2010, and defendants' expert reports are due on May 17, 2010.

Petitioners argue that they are the defendants for purposes of the Scheduling Order. Claimants filed no timely opposition. For the following reasons, the Court finds that petitioners are the defendants and the claimants are the plaintiffs for purposes of the Scheduling Order.

This Court resolved this issue long ago. *In re TCB Marine, Inc.* is on all fours with the case here. No. Civ. A. 97-0418, 1997 639021 (E.D. La. Oct. 16, 1997). In *TCB Marine*, the parties disputed who was a defendant and who was a plaintiff for purposes of a Scheduling Order in a limitation of liability action. *Id.* at *1. The Court reasoned:

> It is the opinion of this Court that for purposes of submitting expert reports and other matters contained within the preliminary scheduling order of July 1, 1997, TCB Marine, Inc. [the petitioner in limitation] is to be viewed as a "defendant." Although this limitation action was brought to federal court by TCB, the initial burden of proof rests upon the claimants. *Complaint of Port Arthur Towing M/V Miss Carolyn*, 42 F.3d 312, 317 (5th Cir. 1995) (per curiam), *rehearing denied*, 51 F.3d 1047, *cert. denied*, 516 U.S. 823, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995).
>> "A limitation proceeding generally comprises a two-step process, the first being the establishment of liability of the shipowner to the claimant, as to which the claimant bears the burden. The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists, there is nothing to limit."
> 
> *Id.*; *See also, Id.* at fn. 20; Thomas Schoenbaum, 2 Admiralty and Maritime Law § 15-5, at 311 (2d ed. 1994) ("In the trial of a limitation proceedings, the burden of proof is divided between the parties, and there is a two-step analysis. The claimants must prove that the destruction or loss was caused by the negligence or unseaworthiness of the vessel. The burden then shifts to the shipowner to demonstrate that he comes within the statutory limitation conditions: that there was no design, neglect, privity or knowledge on his part").
>> Because the initial burden of proof is on the claimants, they are considered "the plaintiffs" for purposes of all matters contained within the July 1, 1997 preliminary scheduling order.

*Id.* at *2. The Court finds that the reasoning and holding of *TCB Marine* are sound. Claimants here have given the Court no reason not to hold in agreement with *TCB Marine*. Accordingly,

2

**IT IS RECOMMENDED** that the Motion for Clarification of the Scheduling Order [Doc. #41] be GRANTED and that petitioners be designated as the defendants and that claimants be designated as the plaintiffs for purposes of the Scheduling Order dated November 20, 2009.

**IT IS FURTHER ORDERED** that the oral hearing on the motion previously scheduled on April 14, 2010 is CANCELLED.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of April, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**