UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: RAINBOW MARINE                                CIVIL ACTION
CONTRACTORS, INC., ET AL.

                                                     NO. 09-4516

                                                     SECTION "R" (3)

**ORDER**

On July 28, 2010, Rainbow Marine and Gulf Oceanic [sic] Motion to Quash and/or Protective Order [Doc. #63] came on for oral hearing before the undersigned Magistrate Judge. Present were Jill Willhoft on behalf of claimants State National Insurance Company and Sanh Le and Larry Dyess on behalf of petitioners in limitation. After the hearing, the Court took the motion under advisement. Having reviewed the memoranda, the case law and the parties' oral arguments, the Court rules as follows.

**I.      Background**

On December 18, 2008, the M/V TENNER C ("the Tenner") and her tow of one barge proceeded northbound in the Gulf of Mexico. The F/V JENNIFER & DAVID ("the Jennifer"), proceeding southbound, struck the Tenner. The Tenner alleges a value of $2.6 million and cargo in the amount of $64,800.00. Petitioners in limitation thus seek to limit their liability to such amount.

**II.     The Parties' Contentions**

### A. Petitioners'-in-Limitation Motion to Quash and/or Protective Order

Rainbow Marine (collective term for all plaintiffs-in-limitation) seeks to quash a subpoena issued to E.J. Halverson & Associates ("Halverson") to produce and to permit the inspection and copying of the recorded statement of Jeffrey Fallo. Halverson is an insurance claims adjuster that Rainbow Marine hired to take the statement of Fallo, who was onboard the Tenner at the time of the collision. Rainbow Marine argues that the work-product doctrine protects the statement from disclosure because it was taken in anticipation of litigation. Rainbow Marine notes that after the collision in December 2008, letters of representation were received in both January and February 2009.[1] In March 2009, Halverson took Fallo's statement. Citing case law, Rainbow Marine notes that courts often find that statements of witnesses are taken in anticipation of litigation.

Rainbow Marine also argues that claimants can not demonstrate a substantial need for the statement nor can they show that they can not obtain the information elsewhere. Fallo has been deposed and, at this deposition, stated that he clearly remembered the accident and had no need of the statement to refresh his memory. Accordingly, Rainbow Marine contends, there is no substantial need for the statement.

### B. Claimants' Opposition

Claimants argue that Rainbow Marine fails to meet its burden to show that the work-product doctrine protects the statement. Claimants note that the purpose of the work-product doctrine is to protect the mental impressions, opinions, strategies and legal theories of counsel in the anticipation of litigation. Citing case law, claimants note that witness statements and affidavits that contain

---

[1] Counsel for Rainbow Marine submitted the letters to the Court during the oral hearing.

personal knowledge but no legal strategy are not protected by the privilege: "What a witness 'knows' is not the work of counsel." *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 652 (D. Alaska 1994). Claimants note that Rainbow Marine asserts the doctrine based only on the fact that counsel had earlier received a letter of representation.

Claimants also contend that an exception under the doctrine exists in that Fallo has an absolute right to obtain a copy of his own statement. During his deposition – and without objection from counsel – Rainbow Marine asked Fallo if it could review his statement, and he consented.

## III. Law and Analysis

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 117-18 (W.D. La. 1998). This doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation. *Id.* at 118; *see also Hickman v. Taylor*, 67 S. Ct. 385, 393-94 (1947). The work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 984 (4th Cir. 1992); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (citing *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982). The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Boh Bros.*, 119 F.R.D. at 117; *In Re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 280 (S.D.N.Y., 1995).

The threshold determination that the court must make is whether the documents sought to

be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States*, 101 S .Ct. 677 (1981); *Caremark, Inc. v. Affiliated Computer Sys., Inc* ., 195 F.R.D. 610, 614 (N.D. Ill. 2000). The Fifth Circuit has indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981). To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Elec. Data Sys. Corp. v. Steingraber*, 2003 WL 21653414, *5 (E.D. Tex. 2003) (citing *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825, *2 (E.D. La. 2000). "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

After the oral hearing, the Court ordered Rainbow Marine to produce the statement to the Court for *in camera* review. Upon review, the Court finds that the work-product privilege protects the document from production. All the evidence that this Court has seen demonstrates that Fallo's statement was taken in anticipation of litigation. The Court places heavy significance on the fact that the statement was taken one month after Rainbow Marine received notice that claimants had already retained counsel. One of the letters informed Rainbow Marine that claimants "hold [it]

4

responsible for all damages incurred from said collision." Moreover, the questioning of Fallo reveals the thought processes of Rainbow Marine in the event litigation were to ensue after the collision.

The Court's review of the statement and the deposition testimony of Fallo reveals that there is no conflict between Fallo's statement and his deposition testimony. At the oral hearing, the Court asked claimants to specify their substantial need for the statement. Claimants argued that the substantial need was to determine whether Fallo's deposition testimony conflicted with his earlier statement. The Court has found no such conflict. Claimants have thus not met their burden to overcome the work-product privilege here.

**IT IS ORDERED** that Rainbow Marine and Gulf Oceanic [sic] Motion to Quash and/or Protective Order [Doc. #63] is GRANTED.

New Orleans, Louisiana, this 30th day of July, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**